United States District Court
Southern District of Texas
**ENTERED**
November 09, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOEL FLORES, TDCJ #818608, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. H-16-2306 |
| LORIE DAVIS, Director, | § | |
| Texas Department of Criminal | § | |
| Justice, Correctional | § | |
| Institutions Division, | § | |
| | § | |
| Respondent. | § | |

### MEMORANDUM OPINION AND ORDER

The petitioner, Joel Flores (TDCJ #818608), has filed a Petition for a Writ of Habeas Corpus By a Person in State Custody ("Petition") (Docket Entry No. 1) challenging the calculation of his sentence. The petitioner has also filed a "[Motion for] Leave to Stay the Proceeding in Abeyance" ("Motion to Stay") pending review of his claims in state court (Docket Entry No. 9), which will be denied as moot. Noting that the petitioner's claims have been rejected by the Texas Court of Criminal Appeals, the respondent has filed a Motion for Summary Judgment with Brief in Support ("Respondent's Motion") (Docket Entry No. 13). The petitioner has filed a Traverse to the Respondent's Motion for Summary Judgment to Dismiss With Prejudice ("Petitioner's Traverse") (Docket Entry No. 14). After considering all of the pleadings, the state court records, and the applicable law, the

court will grant Respondent's Motion and will dismiss this action for the reasons explained below.

## I.  Background

Flores is currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ") as the result of felony convictions from Harris County.[1]   On February 19, 1998, Flores was convicted of possession with intent to deliver cocaine in Harris County cause number 761902.[2]  Flores received an 18-year prison sentence in that case.[3]

On July 13, 2006, Flores was released on parole from the sentence that he was serving in cause number 761902.[4]  While on parole, Flores was arrested and charged with aggravated assault with a deadly weapon in Harris County cause number 144878901010.[5] On August 31, 2015, Flores was convicted of those charges and sentenced to two years' imprisonment.[6]  His parole in cause number 761902 was also revoked and he returned to TDCJ custody on September 25, 2015.[7]

---

[1]Affidavit of Charley Valdez, Exhibit A to Respondent's Motion, Docket Entry No. 13-1, p. 3.

[2]Id.

[3]Id.

[4]Id.

[5]Id.

[6]Id.

[7]Id.

When Flores returned to TDCJ, he learned that he was not eligible for credit on the sentence that he was serving in cause number 716902 for the time he spent out of custody on parole (i.e., "street-time credit").[8]   On October 19, 2015, Flores filed an administrative Time Dispute Resolution Form to challenge the calculation of his sentence.[9]   On October 23, 2015, prison officials confirmed that Flores was not eligible for street time pursuant to § 508.283(b) of the Texas Government Code because of his conviction for aggravated assault with a deadly weapon.[10]

On February 1, 2016, Flores filed an Application for a Writ of Habeas Corpus under Article 11.07 of the Texas Code of Criminal Procedure to challenge the calculation of the sentence he received in Harris County cause number 761902.[11]   Flores argued that he was denied street time in violation of the Due Process Clause of the Fourteenth Amendment.[12]   On June 17, 2016, the state habeas corpus court entered findings of fact and concluded that Flores was not entitled to relief.[13]   The Application was then forwarded to the Texas Court of Criminal Appeals.

---

[8]Id.

[9]Id.

[10]Id.

[11]Application for a Writ of Habeas Corpus, Docket Entry No. 12-4, pp. 5-21.

[12]Id. at 10-11.

[13]State's Proposed Findings of Fact, Conclusions of Law, and Order ("Findings and Conclusions"), Docket Entry No. 12-4, pp. 64-68.

On July 25, 2016, Flores filed the pending Petition.[14]   Flores
argues as he did in state court that he was denied street time in
violation of the Fourteenth Amendment Due Process Clause.[15]
Acknowledging that the Texas Court of Criminal Appeals had not yet
completed its review of his claims at the time he submitted his
Petition, Flores also filed a Motion to Stay.[16]   Shortly thereafter,
on August 24, 2016, the Texas Court of Criminal Appeals denied
Flores' Application without a written order based on findings made
by the state habeas corpus court.[17]   Because the Texas Court of
Criminal Appeals has adjudicated Flores' claims, his Motion to Stay
is now moot and will be denied.   Noting that Flores' claims were
rejected in state court, respondent argues that the Petition must
be dismissed because the claims lack merit.[18]

## II.   Standard of Review

To the extent that the petitioner's claims were adjudicated on
the merits in state court, his claims are subject to review under
the Antiterrorism and Effective Death Penalty Act of 1996
("AEDPA"), codified at 28 U.S.C. § 2254(d).   Under the AEDPA a

---

[14]Petition, Docket Entry No. 1, p. 10.

[15]Id. at 6-7.

[16]Docket Entry No. 9.

[17]Action Taken on Writ No. 85,223-02, Docket Entry No. 12-3,
p. 1.

[18]Respondent's Motion, Docket Entry No. 13.

federal habeas corpus court may not grant relief unless the state court's adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States[.]" 28 U.S.C. § 2254(d)(1). "A state court's decision is deemed contrary to clearly established federal law if it reaches a legal conclusion in direct conflict with a prior decision of the Supreme Court or if it reaches a different conclusion than the Supreme Court on materially indistinguishable facts." Matamoros v. Stephens, 783 F.3d 212, 215 (5th Cir. 2015) (citations omitted); see also Williams v. Taylor, 120 S. Ct. 1495, 1519-20 (2000). To constitute an "unreasonable application of" clearly established federal law, a state court's holding "must be objectively unreasonable, not merely wrong; even clear error will not suffice." Woods v. Donald, 135 S. Ct. 1372, 1376 (2015) (quoting White v. Woodall, 134 S. Ct. 1697, 1702 (2014)). "To satisfy this high bar, a habeas petitioner is required to 'show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" Id. (quoting Harrington v. Richter, 131 S. Ct. 770, 786-87 (2011)).

The AEDPA "imposes a 'highly deferential standard for evaluating state-court rulings,' . . . [which] 'demands that state-court decisions be given the benefit of the doubt.'" Renico

-5-

v. Lett, 130 S. Ct. 1855, 1862 (2010) (citations omitted).  This standard is intentionally "difficult to meet" because it was meant to bar relitigation of claims already rejected in state proceedings and to preserve federal habeas review as "a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal."  Richter, 131 S. Ct. at 786 (quoting Jackson v. Virginia, 99 S. Ct. 2781, 2796, n.5 (1979) (Stevens, J., concurring)); see also White, 134 S. Ct. at 1702.

A state court's factual determinations are also entitled to deference on federal habeas corpus review.  Findings of fact are "presumed to be correct" unless the petitioner rebuts those findings with "clear and convincing evidence." 28 U.S.C. § 2254(e)(1).  This presumption of correctness extends not only to express factual findings, but also to the state court's implicit findings.  See Garcia v. Quarterman, 454 F.3d 441, 444-45 (5th Cir. 2006) (citing Summers v. Dretke, 431 F.3d 861, 876 (5th Cir. 2005); Young v. Dretke, 356 F.3d 616, 629 (5th Cir. 2004)).  If a claim presents a question of fact, a petitioner cannot obtain federal habeas relief unless he shows that the state court's denial of relief "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d)(2).  A federal habeas corpus court "may not characterize these state-court factual determinations as unreasonable 'merely because [it] would have reached a different conclusion in the first

instance.'" <u>Brumfield v. Cain</u>, 135 S. Ct. 2269, 2277 (2015) (quoting <u>Wood v. Allen</u>, 130 S. Ct. 841, 849 (2010)). "Instead, § 2254(d)(2) requires that [a federal court] accord the state trial court substantial deference." <u>Id.</u>

## III.  <u>Discussion</u>

When Flores' parole was revoked in 2015 the governing statute on street-time credit provided as follows:

> If the parole, mandatory supervision, or conditional pardon of a person described by Section 508.149(a) is revoked, the person may be required to serve the remaining portion of the sentence on which the person was released. The remaining portion is computed without credit for the time from the date of the person's release to the date of revocation.

Tex. Gov't Code § 508.283(b). The state habeas corpus court found that Flores was not eligible for street-time credit under § 508.283(b) of the Texas Government Code because when his parole was revoked he was serving a sentence for aggravated assault with a deadly weapon, which is an offense listed in Texas Government Code § 508.149(a)(7).[19] Noting that Flores was a person convicted of an aggravated offense listed in § 508.149(a), the state habeas corpus court concluded that prison officials properly applied § 508.283(b) to deny Flores street-time credit following his parole revocation.[20]

---

[19]Findings and Conclusions, Docket Entry No. 12-4, pp. 66-67.

[20]<u>Id.</u>

-7-

Flores does not demonstrate that the state court's conclusion was incorrect or contrary to clearly established Supreme Court precedent.  In that respect, as a person described by § 508.149(a), Flores cannot establish that he had a constitutionally protected liberty interest in his street-time credit or that he was denied street-time credit in violation of the right to due process.  See Rhodes v. Thaler, 713 F.3d 264, 267 (5th Cir. 2013).  Accordingly, Flores fails to establish a valid claim for relief under 28 U.S.C. § 2254.  Absent a valid claim for relief, the Respondent's Motion will be granted and the Petition will be dismissed.

## IV. <u>Certificate of Appealability</u>

Rule 11 of the Rules Governing Section 2254 Cases now requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner.  A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Tennard v. Dretke, 124 S. Ct. 2562, 2565 (2004) (quoting Slack v. McDaniel, 120 S. Ct. 1595, 1604 (2000)).  Under the controlling standard this requires a petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree

-8-

that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" <u>Miller-El</u>, 123 S. Ct. at 1039. Where denial of relief is based on procedural grounds the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." <u>Slack</u>, 120 S. Ct. at 1604.

A district court may deny a certificate of appealability, <u>sua sponte</u>, without requiring further briefing or argument. <u>See Alexander v. Johnson</u>, 211 F.3d 895, 898 (5th Cir. 2000). For reasons set forth above, the court concludes that jurists of reason would not debate whether the petitioner states a valid claim or that the Petition should be resolved in a different manner. Therefore, a certificate of appealability will not issue.

### V.   Conclusion and Order

Based on the foregoing, the court **ORDERS** as follows:

1.   The Motion for Leave to Stay the Proceeding in Abeyance filed by Joel Flores (Docket Entry No. 9) is **DENIED as moot**.

2.   Respondent's Motion for Summary Judgment (Docket Entry No. 13) is **GRANTED**.

3.   The Petition for a Writ of Habeas Corpus By a Person in State Custody filed by Joel Flores

(Docket Entry No. 1) is **DENIED**, and this action will be dismissed with prejudice.

4.    A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this Memorandum Opinion and Order to the parties.

**SIGNED** at Houston, Texas, on this 9th day of November, 2016.

SIM LAKE
UNITED STATES DISTRICT JUDGE

-10-